### CITIZENS' RAILWAY COMPANY v. SAM. E. BLACKMAN.

Decided December 21, 1904.

**Practice on Appeal—Reviewing Facts.**

The Appellate Court will not set aside a verdict for plaintiff which is supported by his testimony, though contradicted by other evidence and not in accordance with what it would consider the greater weight of evidence.

Appeal from the District Court of McLennan. Tried below before S. P. Ross, Esq., Special Judge.

*Clark & Bolinger,* for appellant.—The evidence without conflict conclusively shows that the appellant was guilty of contributory negligence

in failing to use any effort or degree of care whatsoever to avoid collision after he was in a position where, by the exercise of any care whatever, he was bound to see appellant's approaching car in time to have avoided injury. Gulf C. & S. F. Ry. Co. v. Wilson, 59 S. W. Rep., 589; St. Louis S. W. Ry. Co. v. Branon, 73 S. W. Rep., 1064; Lee v. I. & G. N. Ry. Co., 89 Texas, 583; San Antonio & A. P. Ry. Cơ. v. Bowles, 88 Texas, 639; Sanches v. S. A. & A. P. Ry. Co., 88 Texas, 117; Crawford v. H. & T. C. Ry. Co., 89 Texas, 89; Galveston, H. & S. A. Ry. Co. v. Ryon, 80 Texas, 59; McDonald v. I. & G. N. Ry. Co., 86 Texas, 1; Sabine & E. T. Ry. Co. v. Dean, 76 Texas, 76; Galveston, H. & S. A. Ry. Co. v. Porfert, 72 Texas, 352; Texas & P. Ry. Co. v. Fuller, 5 Texas Civ. App., 667; Smith v. H. & T. C. Ry. Co., 17 Texas Civ. App., 505; Hoover v. T. & P. Ry. Co., 61 Texas, 503.

*Baker & Thomas*, for appellee.—Appellate Courts are only authorized to disturb the findings of a jury upon a question of fact when there is no evidence to support such finding or when the verdict is so manifestly against the great weight and preponderance of the evidence as to lead to the conclusions that the jury were influenced by an improper motive. Texas & N. O. Ry. Co. v. Lee, 74 S. W. Rep., 345; Galveston, H. & S. A. Ry. Co. v. Graw, 55 S. W. Rep., 756; Houston & T. C. Ry. Co. v. Rowell, 45 S. W. Rep., 763; Gulf, C. & S. F. Ry. Co. v. Holland, 66 S. W. Rep., 68.

Where there was evidence to support the verdict, it was a question for the jury, and if there was any evidence this court will not disturb it. Texas & P. Ry. Co. v. Murphy, 46 Texas, 366; Houston & G. N. Ry. Co. v. Randall, 50 Texas, 260; Brush Elec. L. & P. Co. v. LeFevre, 93 Texas, 607; Texas & P. Ry. Co. v. Scruggs, 23 Texas Civ. App., 713.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, resulting in a verdict and judgment for the plaintiff for $2,000, and the defendant has appealed.

The plaintiff was traveling in a wagon on a public street in the city of Waco, and while attempting to cross another street, a car operated by the defendant ran into his wagon and caused the injuries complained of.

As presented to this court, appellant concedes that it was guilty of negligence, and that the plaintiff was injured as alleged, and the only question presented for decision is the contention that the plaintiff was guilty of contributory negligence. That issue was submitted to the jury, and appellant assails the verdict because the jury found against it on that question. While appellant submitted testimony tending strongly to support the defense of contributory negligence, if the jury gave credence to the plaintiff's testimony, as they evidently did, the verdict on that issue is not unsupported by testimony. It is the peculiar province of a jury to determine the credibility of witnesses, and when there is conflict in the testimony, it is not the duty of an Appellate Court to set aside verdicts, although, as presented in the transcript, that court may entertain the view that a different verdict should

have been rendered. It may be conceded that if the testimony given by other witnesses was correct, that given by the plaintiff was incorrect; but it was the province of the jury to decide that question, and if they chose to believe that the plaintiff's testimony was true and correct, appellant is not entitled to relief in this court. If the verdict was against the preponderance of the testimony, it may have been the duty of the trial judge to set it aside, but the same rule does not apply on appeal; and there being testimony in the record which supports the verdict, it is not the duty of this court to set it aside.

No reversible error is shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.